**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| Shayla Bailey, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br><br><br><br>     -v.-<br><br>Unifin, Inc., Jefferson Capital Systems LLC,<br>and John Does 1-25<br><br>                 Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Shayla Bailey (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC against Defendant Unifin, Inc. (hereinafter "Defendant Unifin") and Defendant Jefferson Capital Systems LLC (hereinafter "Defendant Jefferson Capital"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned

1

that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the Plaintiff resides here as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Florida consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Florida, County of Lee, residing at 1915 Maravilla Avenue, Apt. 25, Fort Myers, Florida 33901.

8.      Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5996 W Touhy Ave #2000, Niles, IL 60714.

9.      Upon information and belief, Defendant Unifin are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      Defendant Jefferson Capital  is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served through its registered agent, Corporation Service Company at 1201 Hays Street, Tallahassee, Florida 32301-2525.

11.      Upon information and belief, Defendant Jefferson Capital are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another

12.      John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.      Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.      The Class consists of:

a.   all individuals with addresses in the State of Florida;

    b.   to whom Defendant Unifin sent a letter;

    c.   attempting to collect a consumer debt;

    d.   that offers to accept payment "towards a discounted offer";

    e.   that does not state whether the offered settlement amount will be accepted as payment in full; or

    f.   does not state the due date for one or more of the settlement payments;

    g.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15.    The Sub-class consists of:

    a.   all individuals with addresses in the State of Florida;

    b.   to whom Defendant Unifin sent a letter;

    c.   attempting to collect a consumer debt;

    d.   that falsely states that a payment on the debt may restart the statute of limitations;

    e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

17.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is

whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

19.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

20.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. § 1692e and §1692f.

c.    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

5

class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

23.     Plaintiff repeats the above paragraphs as if set forth here.

24.     Some time prior to December 22, 2020, an obligation was allegedly incurred to Cellco Partnership DBA Verizon

25.     The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically telecommunication services.

26.     The alleged Cellco Partnership DBA Verizon obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

27.     Cellco Partnership DBA Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28.     Upon information and belief Cellco Partnership DBA Verizon purportedly sold the alleged debt to Defendant Jefferson Capital who contracted with the Defendant Unifin to collect the alleged debt.

29.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – December 22, 2020 Collection Letter*

30.     On or about December 22, 2020, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Cellco Partnership DBA Verizon  A copy of this letter is attached as **Exhibit A**.

31.     The letter lists the "Amount Due" as $1854.90.

32.     Further down in the letter it states:

| 1 payment of $927.45 towards a discounted offer | 3 payments of $401.90 towards a discounted offer | 12 monthly payments towards the balance in full |
|---|---|---|

To take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 days from December 22, 2020.

33.     The letter is confusing and deceptive by referring to a "discounted offer" that each payment will be "towards", without clearly defining such offer.

34.     Alternatively, the letter is confusing and deceptive as it fails to state whether or not the debt will be considered settled if the consumer makes the listed payments.

35.     In addition, the "3 payments" option does not have a due date for the second and third payments.

36.     Perhaps those payments are due monthly or perhaps they are due before or after that – as only the *first* payment is requested within 45 days of December 22, 2020.

37.     It appears that none of the settlement offers have firm due dates as Defendant only *requests* for payment by a specific date, and does not *require* that it be done by that date ("please have payment (or first payment) in our office within 45 days from December 22, 2020").

38.     In sum, Plaintiff is unable to determine what is the amount of the alleged "discounted offer", or whether, if payments are sent, they will be accepted in full settlement, and further is unable to discern the due dates for some of the settlement installments.

39.     In addition, the letter states:  Even though the statute of limitations has expired, you may choose to make payments.  However, be aware: if you make a payment, the statute of limitations may start again.

40.     The letter makes a false and deceptive statement by representing to the consumer that a partial payment may re-start the statute of limitations.

41.     Under Florida law, Fla. Stat. § 95.04, the statute of limitations can only be revived by a written, signed agreement.

42.     Due to the Defendant's deceptive and misleading language regarding the settlmenet language and the language that the statute of limitations could be restarted with partial payments solely, Plaintiff decided against accepting any of the offered payment plans for fear of restarting the statute of limitations and thereby exposing himself to a possible lawsuit.

43.     Had the Defendant not included their deceptive statements, Plaintiff would have starting making payments, but he failed to do so because of the confusing nature of the settlemen offer and the fear that if he had to stop in midst of the payment plan, it would leave him susceptible to a lawsuit.

44.     As a result of Defendant's deceptive and misleading language, Plaintiff did not accept any of the settlement offers before the expiration date and therefore suffered a real, tangible loss due to Defendant's letter.

45.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

46.     Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

47.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

48.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

49.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692e *et seq.*

50.     Plaintiff repeats the above paragraphs as if set forth here.

51.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53.     Defendant violated said section, including § 1692e (10), by using false and deceptive means to collect a debt by:

    a.   failing to state when some of the settlement payments were due;

    b.   failing to state whether or not the settlement payment(s) would be considered payment in full; and

    c.   mentioning a "discounted offer" without describing it.

    d.   by creating a false and misleading representation of the status of the debt/and the effect of partial payment of the debt in violation of §1692e(10); and

    e.   by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

54.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

55.     Plaintiff repeats the above paragraphs as if set forth here.

56.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

57.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

58.     Defendant violated this section by

   a.   failing to state when some of the settlement payments were due;

   b.   failing to state whether or not the settlement payment(s) would be considered payment in full; and

   c.   mentioning a "discounted offer" without describing it.

   d.   by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

59.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

60.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shayla Bailey, individually and on behalf of all others similarly situated, demands judgment from Defendant Jefferson Capital and Defendant Unifin as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  April 16, 2021

Respectfully Submitted,

*/s/Justin Zeig*
**ZEIG LAW FIRM, LLC**
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*